## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**UNITED STATES OF AMERICA**

          **Plaintiff,**

    **v.**

**$23,911.00 IN UNITED STATES CURRENCY,**

          **Defendant.**

**1:05-cv-1849-WSD**

### <u>OPINION AND ORDER</u>

This matter is before the Court on the United States's (" the Government") Motion to Enforce Settlement Agreement [28].  The claimant, Freddie Adarmes-Figueroa ("Claimant"), did not respond to the Motion.  Claimant's failure to file a response indicates there is no opposition to the motion.  L.R. 7.B, N.D. Ga.

In its Motion to Enforce, the Government alleges it entered into a "winner takes all" Settlement Agreement ("the Agreement") with Claimant.  Claimant's counsel negotiated the Agreement with the Government and expressly represented that she was authorized by her client to settle the forfeiture action on the terms set forth in the Agreement.[1]  The Agreement required Claimant to take a polygraph

---

[1] Although the Government has not provided the Court with a copy of this agreement, Assistant United States Attorney Russell Phillips has sworn to its

test regarding the source of the $23,911.00 that is subject to forfeiture in this action (the "Property").  The parties agreed that if Claimant passed the polygraph test, the Government would release the Property to him.  If Claimant failed the test, he agreed to sign the documentation necessary to release any interest he had in the Property, allowing it to be forfeited.

On July 21, 2006, the polygraph examination was conducted.  The examination showed that Claimant's exculpatory responses to questions regarding whether the Property came from the sale of illegal drugs and whether Claimant was lying about the source of the drugs were "deceptive."  Claimant's deceptive responses evidenced that he failed the examination, triggering Claimant's obligation under the Agreement to relinquish his claim to the Property.

To conclude the Agreement, the Government sent to Claimant's counsel a Stipulation of Final Settlement and Release of all Claims (the "Stipulation") which Claimant has failed for six months to execute.  Claimant's counsel represents that she has been unable to locate her client.  Having unsuccessfully attempted to conclude the Agreement, the Government now requests the Court to issue an Order requiring Claimant to execute the Stipulation.   If the Claimant fails to execute the

─────────────────────

existence and contents in an affidavit supporting the Motion to Enforce.

Stipulation, the Government  requests that the Court strike Claimant's claim and answer and enter a default judgment in favor of the Government.

The Government alleges, and Claimant has not disputed, that Claimant's counsel was authorized by her client to enter into the Agreement.  Claimant also has not disputed the existence of the Agreement, the terms of the Agreement as construed by the Government, or that Claimant failed the polygraph examination. Under the circumstances, the Government is entitled to have the Agreement enforced.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Enforce [28] is **GRANTED**.  Claimant is **DIRECTED**:  (i) to execute the Stipulation of Final Settlement and Release of all Claims in the form attached as Exhibit 2 to the Motion to Enforce Settlement Agreement and, (ii) to return an original executed copy of the Stipulation to Assistant United States Attorney Russell Phillips, and to the Court, by 5:00 p.m., Tuesday, May 15, 2007.

**IT IS FURTHER ORDERED** that if Claimant does not return an original executed copy of the Stipulation as required by the Order, Claimant shall appear before the Court on May 16, 2007, at 4:00 p.m., Richard B. Russell Courthouse, 75

Spring, Street, SW., Atlanta, Georgia, 30303, to show cause why an order of

forfeiture should not be entered forfeiting any interest Claimant has in the

Property.

      **SO ORDERED** this 2nd day of May, 2007.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE